UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Thomas Sullivan, # 270534,
*aka* Thomas Brenore Sullivan,
*aka* Thomas B. Sullivan,

Plaintiff,

vs.

Hon. Henry J. Floyd, District Court Judge;
Henry McMaster, S.C. Attorney General;
Robert M. Ariail, Greenville County Solicitor;
Matthew Wallace, Greenville County Assistant Solicitor; and
Attorney Jack H. Lynn,

Defendants.

C/A No. 8:08-1744-GRA-BHH

Report and Recommendation

This is a civil action filed *pro se* by a state prison inmate.[1] Petitioner is currently incarcerated at Tyger River Correctional Institution, part of the South Carolina Department of Corrections prison system. He has filed a Complaint in this case containing considerable surplus verbiage and irrelevant legalese,[2] but which, liberally construed and broken down to its essence,

[1]Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

[2] Plaintiff attempts to insert obviously irrelevant provisions the Uniform Commercial Code (UCC) into this case by claiming that Defendants somehow entered into commercial transactions with him based on their participation in a criminal case against him and now owe him a secured debt. Plaintiff's UCC-related allegations are illustrative of a common tactic often employed by prisoners to harass individuals involved in their criminal convictions in an attempt to damage the purported lien debtor's credit. Federal courts reviewing such contentions have uniformly found the UCC claims to have no basis in federal or state law and to be null and void with no legal effect. *See, e.g.*, *U.S. v. Joiner*, 418 F.3d 863, 865-66(8th Cir. 2005); *U.S. v. Barker*, 19 F. Supp.2d 1380, 1383 (S.D. Ga. 1998); *Jones v. Mich. Dept. of Corr.*, No. 05-CV-72817-DT, 2007 WL 2875179 *3 (E.D. Mich. 2007); *Monroe v.Beard*, No. 05-04937, 2007 WL 2359833 *2 (E.D. Pa. 2007). Plaintiff's irrelevant UCC-related references will not be discussed in this Report.

discloses that Plaintiff seeks compensatory and punitive damages from Defendants because he claims they conspired to violate his federal constitutional rights in a Greenville County criminal case that resulted in a guilty plea by Plaintiff in 2001 and the imposition of the fifteen-year prison sentence he is currently serving. In other words, Plaintiff's allegations disclose an intent to assert damage claims under 42 U.S.C. §§ 1983, 1985, 1986 for allegedly unconstitutional conviction and incarceration;[3] however, no other potential basis for federal jurisdiction over Plaintiff's allegations is evident from the face of the pleading.[4] *See supra* note 2. Accordingly, this Report analyzes within its body only the viability of any potential § 1983 claim against any Defendant.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the

---

[3] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added). Section 1985 is the statute outlawing conspiracies to violate federal rights; however, application of the statute is limited to claims of racial and/or religious discrimination in the Fourth Circuit. *Ward v. Conner*, 657 F.2d 45, 49 (4th Cir. 1981).

[4] There are no viable §§ 1985 or 1986 claims under this Complaint due to Plaintiff's failure to allege that Defendants' allegedly wrongful actions against him were based on either racial or religious prejudice. *See Simmons v. Poe*, 47 F.3d 1370 (4th Cir. 1995); *Ward v. Conner*. Section 1986 is derivative of § 1985 and that the former rises and falls with the latter. No claim will lie under § 1986 unless a valid claim has first been established under § 1985. *Farese v. Scherer*, 342 F.3d 1223, 1232n.12 (11th Cir. 2003). Additionally, there are no viable RICO claims, *see*18 U.S.C. §§ 1961-68, stated under Plaintiff's allegations, since, as will be shown below, most of the Defendants are immune from such suit, *see Di Giambattisa v. McGovern*, No. 92-1168, 1992 WL 214444 (1st Cir. Sept. 4, 1992); *Reaves v. Honorable Peace*, No. Civ.A. No. 3:95CV640, 1996 WL 679396 (E.D. Va. March 21,1996), and the allegations are far too conclusory and vague to state a viable RICO claim in absence of immunity. *Davis v. Hudgins,* 896 F. Supp. 561 (E.D. Va. 1995)(conclusory allegations of association of parties, but not qualifying as enterprise fail to state RICO claim).

procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, _ U.S. _, 127 S. Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

Initially, Plaintiff fails to state a viable § 1983 claim against any Defendant based on that Defendant's actions taken in connection with the prosecution of the Greenville County criminal case because Plaintiff has not yet been successful in having his convictions and sentence overturned or invalidated. *Heck v. Humphrey*, 512 U.S. 477 (1997). With respect to actions filed pursuant to 42 U.S.C. § 1983 such as the present one alleging constitutional violations and/or other improprieties in connection with state criminal charges, the Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a

> § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87; *see also Ballenger v. Owens*, 352 F.3d 842 (4th Cir. 2003); *Woods v. Candela*, 47 F.3d 545 (2d Cir.1995); *Treece v. Village of Naperville*, 903 F. Supp. 1251 (N.D. Ill. 1995); *Smith v. Holtz*, 879 F. Supp. 435 (M.D. Pa. 1995); *Seaton v. Kato*, No. 94 C 5691, 1995 WL 88956 (N.D. Ill. Feb. 28, 1995).

By the above statements, the United States Supreme Court ruled that until a criminal conviction is set aside by way of appeal, PCR, habeas, or otherwise, any civil rights action based on the conviction and related matters will be barred. The limitations period for such a post-trial civil rights action will not begin to run until the cause of action accrues, *i.e.*, until the conviction is set aside; therefore, a potential § 1983 plaintiff does not have to worry about the running of the statute of limitations while he or she is taking appropriate steps to have a conviction overturned. *See Wallace v. Kato*, --- U.S. ----, 127 S.Ct. at 1097-98; *Benson v. N. J. State Parole Bd.*, 947 F. Supp. 827, 830 (D. N.J. 1996)(following *Heck v. Humphrey* and applying it to probation and parole revocations "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); *Snyder v. City of Alexandria*, 870 F. Supp. 672, 685-88 (E.D. Va. 1994).

Since Plaintiff has not been successful in having his Greenville County criminal convictions set aside by way of appeal, PCR, habeas corpus, or otherwise, and because Plaintiff's allegations

fo conspiratorial wrongdoing by all participants in the criminal case, if true, would necessarily invalidate his convictions, he cannot sue any of the Defendants because of their involvement in his prosecution and ultimate conviction. *See Johnson v. Freeburn*, 29 F. Supp.2d 764, 772 (S.D. Mich. 1998)(under *Heck v. Humphrey*, nature of relief sought is not critical question; rather, it is the grounds for relief); *see also Clemente v. Allen*, 120 F.3d 703 (7th Cir. 1997)(injunctive relief sought). As a result, this case is subject to summary dismissal as to all Defendants without issuance of service of process.

Additionally, even if *Heck v. Humphrey* did not preclude any § 1983 claims against any Defendant, this case would still be subject to summary dismissal without service on any Defendant for several other reasons. First, with regard to Plaintiff's allegations against Judge Floyd, his claim for damages against this Defendant based on the rulings in and/or conduct of the Greenville County criminal case is barred by the doctrine of absolute judicial immunity. As the Fourth Circuit has stated relevant to the reasons for the doctrine of absolute immunity for judges:

> The absolute immunity from suit for alleged deprivation of rights enjoyed by judges is matchless in its protection of judicial power. It shields judges even against allegations of malice or corruption. . . . The rules is tolerated, not because corrupt or malicious judges should be immune from suit, but only because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.

*McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972)(citations omitted), *overruled on other grounds*, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995).

The doctrine of absolute immunity for acts taken by a judge in connection with his or her judicial authority and responsibility is well established and widely recognized. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)(judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction."); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)("A judge is absolutely immune from liability for his judicial acts even if his

exercise of authority is flawed by the commission of grave procedural errors."); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987)(a suit by South Carolina inmate against two Virginia magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); *see also Siegert v. Gilley*, 500 U.S. 226 (1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); *Burns v. Reed*, 500 U.S. 478 (1991)(safeguards built into the judicial system tend to reduce the need for private damages actions as a means of controlling unconstitutional conduct); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability").

Second, Plaintiff's allegations fail to state a viable § 1983 claim against Defendants McMaster, Ariail, and/or Wallace based on their activities in connection with the prosecution of the Greenville County criminal case against Plaintiff. Any such claim is barred by the well-established legal doctrine of prosecutorial immunity. In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. *See* S.C. Const., art. V, § 24; S.C. Code Ann, § 1-7-310. Solicitors are elected by voters of a judicial circuit and have absolute immunity for their prosecution-related activities in or connected with judicial proceedings. The state Attorney General is the chief prosecutor for the entire state of South Carolina and ultimately responsible for enforcing criminal laws in this state. Protected activities under the immunity doctrine include, but are not limited to, prosecutorial actions and decisions related to the Solicitor's participation in a criminal trial, bond hearings, grand jury proceedings, pre-trial motions hearings, and ancillary civil proceedings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Hart v. Jefferson County*, 1995 WL 399619 (D.Ore., June 15, 1995)(allegations by plaintiff of malicious motives on part of two prosecutors insufficient to overcome prosecutorial immunity). Since the allegations of wrongdoing made against Defendants McMaster, Ariail, and

Wallace in the Complaint in this case arise from their prosecutorial duties in connection with Plaintiff's criminal case, no viable § 1983 is stated against any of these Defendants.

Finally, no viable § 1983 claim is stated by Plaintiff's allegations of wrongdoing against his own defense attorney, Defendant Lynn, because that attorney is not a state actor. In order to state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monroe v. Page*, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976)(private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980)(court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-24 (1981)(public defender); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982)("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed."). Since Defendant Lynn did not act under color of state law when he acted as Plaintiff's criminal defense counsel, Plaintiff's Complaint fails to state a viable § 1983 claim against him based on his legal representation.

**Recommendation**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases

to determine whether they are subject to summary dismissal).

Since this case seeks recovery of damages from immune individuals, is barred by *Heck v. Humphrey*, and is, essentially, frivolous, 28 U.S.C. § 1915A(b)(2) is applicable in this case and a strike is also recommended. *See Luedtke v. Bertrand*, 32 F. Supp.2d 1074 (E.D. Wis. 1999); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998); *Grant v. Sotelo*, 1998 WL 740826 (N.D. Tex.1998). Hence, it is also recommend that this case be deemed a strike for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g).

Plaintiff's attention is directed to the important notice on the next page.

Bruce H. Hendricks

BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE

May 12, 2008
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *U. S. v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).